IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| NATASHA CARRIZALES, individually and on behalf of NINA CARRIZALES, a minor, as her guardian and next friend,<br><br>Plaintiff,<br>v.<br><br>UNITED STATES OF AMERICA,<br><br>Defendant. | 8:14CV3104 |
| NATASHA CARRIZALES, individually and on behalf of NINA CARRIZALES, a minor, as her guardian and next friend,<br><br>Plaintiff,<br>v.<br><br>UNITED STATES OF AMERICA,<br><br>Defendant. | 8:14CV3105 |

MEMORANDUM AND ORDER

On October 30, 2013, the plaintiff, Natasha Carrizales, individually and on behalf of her 2-year-old daughter, Nina Carrizales, filed two medical malpractice actions in the District Court of Douglas County, Nebraska. On May 19, 2014, both actions were removed to this court when the United States Attorney certified that the named defendants, OneWorld Community Health Centers, Inc., d/b/a OneWorld Community Health Center ("OneWorld"), and Maribel R. Hamm ("Hamm"), were

acting within the scope of their employment as employees of the United States.[1] Immediately following the removal, the United States filed a notice of substitution in each case which was acted upon by the clerk of the court.[2] The United States now seeks a formal order substituting it as the sole defendant in each case and moves for dismissal of the actions because the plaintiff failed to exhaust her administrative remedies under the Federal Tort Claims Act before bringing suit. For the reasons discussed below, the substitution of parties will be ordered and the government's motions to dismiss will be granted.

*I. DISCUSSION*

*A. The Federal Tort Claims Act*

The Federal Tort Claims Act ("FTCA") confers exclusive jurisdiction upon United States district courts over civil actions for money damages alleged to have been caused by the negligent or wrongful act or omission of any employee of the government acting within the scope of his or her employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred. 28 U.S.C. § 1346(b)(1). However, the Act provides:

> An action shall not be instituted upon a claim against the United States for money damages for ... personal injury ... caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, unless the claimant

---

[1] OneWorld was the only named defendant in the action which is now docketed as Case No. 8:14CV3104. Hamm was the only named defendant in the action which is now docketed as Case NO. 8:14CV 3105.

[2] On May 22, 2014, the clerk, at the direction of the magistrate judge, made an entry on the docket sheet in each case which terminated the original defendants and, in their places, substituted the United States as the defendant.

shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing and sent by certified or registered mail. The failure of an agency to make final disposition of a claim within six months after it is filed shall, at the option of the claimant any time thereafter, be deemed a final denial of the claim for purposes of this section.

28 U.S.C. § 2675(a). This is a jurisdictional requirement. *See Mader v. United States,* 654 F.3d 794, 808 (8th Cir. 2011) ("[C]onformity with § 2675(a) is a jurisdictional term of the FTCA's limited waiver of sovereign immunity.").

### *B. The Federally Supported Health Centers Assistance Act*

Under the Federally Supported Health Centers Assistance Act of 1992 ("FSHCAA"), as amended at 42 U.S.C. § 233(g)-(n), the United States has made itself liable for the medical malpractice of federally supported community health centers, their officers, employees, and, in limited circumstances, those who contract to perform medical services for those centers. *See Dedrick v. Youngblood,* 200 F.3d 744, 744-45 (11th Cir. 2000). Where such a community health center or individual is covered by the FTCA, the exclusive remedy for damages for personal injury or death resulting from the performance of medical or related functions within the scope of office or employment is an FTCA action against the United States. *See* 42 U.S.C. § 233(a) and (g); *see also* 28 U.S.C. §§ 1346, 2671.

In 1995, Congress amended the FSHCAA, *see* Pub. L. No. 104-73, 109 Stat. 777-781 (Dec. 26, 1995), and delegated to the Secretary of Health and Human Services ("HHS") the authority to determine whether a community health center is deemed to be an employee of the Public Health Service for purposes of 42 U.S.C. § 233 and the FTCA. *See* 42 U.S.C. § 233(g)-(h). "Once the Secretary makes a determination that an entity ... is deemed to be an employee of the Public Health Services for purposes of [section 233], the determination shall be final and binding upon the Secretary and the Attorney General and other parties to any civil action or

proceeding." 42 U.S.C § 233(g)(1)(F). "[Such] an entity ... or employee of such an entity, ... shall be deemed to be an employee of the Public Health Service [and] ...[t]he remedy against the United States for an entity ... and ... employee ... of such an entity who is deemed to be an employee of the Public Health Service ... shall be exclusive of any other civil action or proceeding to the same extent as the remedy against the United States is exclusive pursuant to [section 233(a)]." 42 U.S.C. § 233(g)(1)(A).[3]

42 U.S.C. § 233(b) provides that the Attorney General shall defend any civil action brought in court against any officer or employee of the Public Health Service acting in the scope of his employment. "Upon a certification by the Attorney General that the defendant was acting in the scope of his employment at the time of the incident out of which the suit arose, any such civil action or proceeding commenced in a State court shall be removed without bond at any time before trial by the Attorney General to the district court of the United States of the district and division embracing the place wherein it is pending and the proceeding deemed a tort action brought against the United States ...." 42 U.S.C. § 233(c); *see also* 28 C.F.R. § 15.4(a) & (b) ("The United States Attorney for the district where the civil action or proceeding is brought ... is authorized to make the statutory certification that the Federal employee was acting within the scope of his office or employment with the Federal Government at the time of the incident out of which the suit arose ... [and] that the covered person was acting at the time of the incident out of which the suit arose under circumstances in which Congress has provided by statute that the remedy provided by the Federal Tort Claims Act is made the exclusive remedy.").

---

[3] Section 233(a) provides, as to "any ... employee of the Public Health Service ... acting within the scope of his ... employment," that the FTCA remedy against the United States "shall be exclusive of any other civil action or proceeding . . . for personal injury, including death, resulting from the performance of medical, surgical, dental, or related functions" by such employee. 42 U.S.C. § 233(a).

-4-

*C. The Plaintiff's Claims*

The plaintiff alleges that on October 30, 2011, she was provided negligent medical treatment by Hamm, a certified nurse midwife, during labor and delivery of her daughter Nina at the Creighton University Medical Center – St. Joseph Hospital, and, as a consequence, that Nina is now severely disabled from hypoxic-ischemic encephalopathy. The government has produced evidence that two administrative tort claims were filed on October 29, 2013, on behalf of the plaintiff and her daughter, relating to medical care provided by Hamm as an employee of OneWorld, and that to date no final disposition has been made of either claim.

*D. Substitution of the United States as Defendant in Each Action*

These cases were removed from state court with the certification of United States Attorney Deborah R. Gilg, filed under authority of 42 U.S.C. § 233(c) and 28 C.F.R. § 15.4(a) & (b). Her certification that OneWorld and Hamm were deemed to be federal employees cannot be contested by either side. *See* 42 U.S.C § 233(g)(1)(F). Her further certification that OneWorld and Hamm were acting within the scope of their employment, while not conclusive, does constitute prima facie evidence of such fact. *See Gutierrez de Martinez v. Lamagno*, 515 U.S. 417, 420 (1995). "Therefore, 'the burden of altering that status quo' is on the plaintiff, who must come forward with specific facts rebutting the government's scope-of-employment certification." *Brown v. Armstrong*, 949 F.2d 1007, 1012 (8th Cir. 1991). Because the plaintiff has not produced any rebuttal evidence, the United States will be substituted as the defendant in each action. *See Divers v. Halls*, No.4:12CV3226, 2013 WL 459633, *2 (D.Neb. Feb. 7, 2013) (ordering substitution); *see also Hui v. Castaneda*, 559 U.S. 799, 811 n. 9 (2010) (observing that 42 U.S.C. § 233(c), unlike 28 U.S.C. § 2679(d), "does not prescribe a particular mechanism for substituting the United States in federal-court actions.").

*E. Dismissal of Claims for Failure to Exhaust Administrative Remedies*

Absent full compliance with the conditions placed upon the limited waiver of sovereign immunity provided by the FTCA, the court lacks jurisdiction to entertain tort claims against the United States. *See* Walker v. United States, 176 F.3d 437, 438 (8th Cir. 1999). The FTCA allows a federal agency a period of 6 months to make a final disposition of a claim, after which time the claimant has the option of filing suit. *See* 28 U.S.C. § 2675(a).

The government's evidence shows that administrative claims were filed on October 29, 2013, just 1 day prior to the commencement of these actions. Although more than 6 months elapsed while the cases were pending in state court, with no final disposition having been made of the claims, this fact does not affect the jurisdictional analysis. *See* McNeil v. United States, 508 U.S. 106, 111-12 (1993) (exhaustion requirement not satisfied by receipt of agency rejection of claim occurring after commencement of suit but before any substantial progress had taken place in the litigation; abrogating Celestine v. Veterans Administration Hospital, 746 F.2d 1360, 1363 (8th Cir. 1984)). "Section 2675 is more than a mere statement of procedural niceties. It requires that jurisdiction must exist at the time the complaint is filed." Gregory v. Mitchell, 634 F.2d 199, 204 (5th Cir. 1981) (district court was required to dismiss for lack of jurisdiction where plaintiff did not wait 6 months before filing suit; running of 6-month period did not render requirement "meaningless"); Jerves v. United States, 966 F.2d 517, 521 (9th Cir. 1992) (administrative claim requirements of § 2675(a) are jurisdictional in nature and must be strictly adhered to); *but see* Meijers v. People's Health Center, No. 4:13CV3064, 2013 WL 3270548, *3 (D.Neb. June 26, 2013) (plaintiff granted leave *sua sponte* to file amended complaint following expiration of 6-month period to allege, if applicable, that HHS had not made final disposition of his administrative claim while case was pending).

## II. CONCLUSION

It is understandable that the plaintiff filed suit against OneWorld and Hamm when she did,[4] but it is now clear that the United States is the only proper defendant and, as to it, that the actions were filed prematurely. Accordingly,

IT IS ORDERED:

1. Filing 10 in Case No. 8:14CV3104 is granted, as follows: The United States is substituted as the party defendant in the place of OneWorld Community Health Centers, Inc., d/b/a OneWorld Community Health Center, and the action is dismissed without prejudice for lack of subject matter jurisdiction.

2. Filing 9 in Case No. 8:14CV3105 is granted, as follows: The United States is substituted as the party defendant in the place of Maribel R. Hamm, and the action is dismissed without prejudice for lack of subject matter jurisdiction.

3. Final judgment shall be entered in each case by separate document.

DATED this 10th day of September, 2014.

BY THE COURT:

*s/ Richard G. Kopf*
Senior United States District Judge

---

[4] The plaintiff was faced with a 2-year statute of limitations and was uncertain whether OneWorld and Hamm were acting within the scope of their employment as federal employees at the time of their alleged negligence.